# EXHIBIT A

**Translated Spanish Warden Affidavit**

**Michael D. Powers, Ph.D., Translator**
**United States Certified Court Interpreter and Ph.D. in Spanish and Portuguese Linguistics**

Mr. **David Camacho Borrego**
Deputy Warden of the Correctional Facilitiy System of Madrid V (SOTO DEL REAL)
of which Mr. **Luis Carlos Anton Herrera** is the Warden

I certify that:
Mr. **GONZALEZ VIDAL, JOSE MIGUEL**, son of JOSE MIGUEL and of AMPARO
Born on August 2, 1987 in CUBA

**He has remained incarcerated in prison during the following periods of time:**

**From November 6, 2018 to October 18, 2019**

On this latter date he was placed on: **PRE-TRIAL RELEASE**

And therefore: **RELEASED FROM PRISON / CUSTODY**

And for the record, at the request of the interested party, this certification is issued for the purposes of:

In the place and dates indicated with the approval of the Warden.

In SOTO DEL REAL MADRID on JUNE 23, 2020

**The system Deputy Warden**

[illegible signature]
MINISTRY OF INTERNAL AFFAIRS
CORRECTIONAL FACILITY MADRID V
[coat of arms]
MANAGEMENT

SOTO DEL REAL

**V0B0**
**The Warden**

1/1
June 23, 2020

EXHIBIT (ENGLISH TRANSLATION)

**Michael D. Powers, Ph.D., Translator**
**United States Certified Court Interpreter and Ph.D. in Spanish and Portuguese Linguistics**

Mr. **DEPUTY WARDEN**
Deputy Warden of the Correctional Facilitiy System of Madrid V (SOTO DEL REAL)
of which Mr. **WARDEN** is the Warden

I certify that:
Mr. **GONZALEZ VIDAL, JOSE MIGUEL**, son of JOSE MIGUEL and of AMPARO
Born on August 2, 1987 in CUBA
With Identity Card 02193324K

**He has remained incarcerated in prison during the following periods of time:**
**From November 6, 2018 to today's date**

And at the disposal of the following authorities and cases:

EXTRADITION 47/2018 J. Central 1.2 PR
EXTRADITION 74/2018 NATIONAL A SECTION: 1A.CRIMINAL PR

And for the record, for the purposes of **PRE-TRIAL RELEASE**, this certification is
issued:

In the place and dates indicated with the approval of the Warden.

In SOTO DEL REAL MADRID on OCTOBER 18, 2020

**The System Deputy Warden**

[illegible signature]

**V0B0**
**The Warden**

1/1
October 18, 2020

**Michael D. Powers, Ph.D., Translator**
**United States Certified Court Interpreter and Ph.D. in Spanish and Portuguese Linguistics**


**Translator**


I, Michael D. Powers, Ph.D., United States Certified Court Intepreter since 1980, certify the accuracy of the above translation from Spansh to English the best of my ability consisting of the previous two (2) pages. It consists of two pages from the Deputy Warden of the Correction Facility in Madrid, Spain, explaining the amount of time that Jose Miguel Gonzalez Vidal spent incarcerated in its facility in 2018 and 2019 as well as the etradition cases he was awaiting. My name is in the header of each certified page.


[electronic signture]

*Michael D. Powers*
**Michael D. Powers, Ph.D.**
**U.S. Court Certified Interpreter in Spanish/English since 1980**

*Ph.D.   Ibero-Romance Philology and Linguistics - Univ. Of Texas at Austin  1981*
*U.S. Court Certified Spanish/English - Administrative Office of U.S. Courts 1980*
*M.A.  Spanish  - University of Wisconsin at Madison 1977*
*B.A.  Spanish and Portuguese - Indiana University at Bloomington 1975*

*Director  Legal & Technical Translations, Inc.  - 1996 to the present*
*Translator, Commander-Chief General Peter Pace, US Southern Command, 2000-01*
*Free-Lance January, 1995 through June, 1996*
*Quality Control Supervisor - Translation Division - Ebon Research System - 1992 – 1994*
*Contrbuting Editor of Latin American Languages – Library o Congress – 1987 - 1994*
*Assistant Professor of Spanish, English, Translation/Interpretation-*
*Miami Dade Community College  1989 - 1992*
*Assistant Professor of Spanish - University of Miami at Coral Gables  - 1983 - 1989*
*Director - Hispanic Linguistics - Louisiana State University at Baton Rouge - 1981-1982*

Don/a **David Camacho Borrego**
Subdirector/a de Régimen del C.P. MADRID V (SOTO DEL REAL)
del que es Director/a Don/a **Luis Carlos Antón Herrera**

Certifico que:
Don/a **GONZALEZ VIDAL, JOSE MIGUEL** hijo/a de JOSE MIGUEL y de AMPARO
Nacido/a el 02/08/1987 en CUBA

**Ha permanecido/permanece ingresado/a en prisión durante los siguientes periodos:**

**De 06/11/2018 a 18/10/2019**

Fecha esta última en que ha sido puesto/a en: **LIBERTAD PROVISIONAL**

Y por tanto **EXCARCELADO**.

Y para que conste, a petición del interesado/a, se expide la presente certificación a efectos de ..

En el lugar y fechas indicados con el visto bueno del Director/a.

En SOTO DEL REAL-MADRID a 23 de JUNIO de 2020

**El/a Subdirector/a de Régimen**

**VºBº**
**El/a Director/a**

1/1
23/06/2020

Don/a **SUBDIRECTOR**
Subdirector/a de Régimen del C.P. MADRID V (SOTO DEL REAL)
del que es Director/a Don/a **DIRECTOR**

Certifico que:
Don/a **GONZALEZ VIDAL, JOSE MIGUEL** hijo/a de JOSE MIGUEL y de AMPARO
Nacido/a el 02/08/1987 en CUBA
Con DNI 02193324K

**Ha permanecido/permanece ingresado/a en prisión durante los siguientes períodos:**
      **De 06/11/2018 a fecha de hoy**

Y a disposición de las siguientes autoridades y causas:

      EXTRADICION 47/2018 J.CENTRAL I.2 PR
      EXTRADICION 74/2018 A.NACIONAL SEC.1A.PENAL PR

Y para que conste, a efectos de **LIBERTAD PROVISIONAL**, se expide la presente certificación.

En el lugar y fecha indicados con el visto bueno del Director/a.

      En SOTO DEL REAL-MADRID a 18 de OCTUBRE de 2019
      El/a Subdirector/a de Régimen

**VºBº**
**El/a Director/a**

1/1
18/10/2019

# EXHIBIT B

**FDC Discipline Hearing Report**



**BP-A0304**     **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

| Institution: **MIAMI FDC** | Incident Report Number: **3728987** | |
|---|---|---|
| NAME OF INMATE: **CARBONEL LEMUS, YOSVANI** | REG.NO.: **40147-509** | UNIT: **4 DETC M** |
| Date of Incident Report: **02-02-2023** | Offense Code(s): **113** | |
| Date of Incident: **02-02-2023** | | |

Summary of Charges:

     **113 -- POSSESSING DRUGS/ALCOHOL.**

---

I.    NOTICE OF CHARGE(S)

    A.   Advanced written notice of charge (copy of Incident Report) was given to inmate on **02-02-2023**   at **1312 hrs** (by staff member) **M. GRACE**

    B.   The DHO Hearing was held on **02-07-2023**   at **0900 hrs**

    C.   The inmate was advised of the rights before the DHO by (staff member): **Velasquez**   on **02-06-2023**

       and a copy of the advisement of rights form is attached.

    D.   Delay in Process   **None**

---

II.   STAFF REPRESENTATIVE

    A.   Inmate waived right to staff representative:   [Yes] **X**      [No] __

    B.   Inmate requested staff representative and
      **NA**              appeared.

    C.   Staff Representative's Statement:
      **NA**

    D.   Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
      **NA**

    E.   Staff representative   **NA**         was appointed.

---

III.   PRESENTATION OF EVIDENCE

    A.   Inmate ( **X** ) admits    (   ) denies the charge(s).

    B.   Summary of Inmate Statement:

      **Inmate Carbonel Lemus, Yosvani #40147-509 elected to make the following statement when the charges against him were read, "The report is true. It was my drugs. My celly didn't have anything to do with it".**

---



**BP-A0304      DISCIPLINE HEARING OFFICER REPORT**

**Dept. of Justice / Federal Bureau of Prisons**

C.   Witnesses

1.   The inmate waived right to witnesses.  [Yes] **X**      [No] __

2.   The following persons were called as witness at this hearing and appeared
     (Each witness name and statement listed below):
     **NA**

3.   The following persons requested were not called for the reason(s) given
     (Each witness name and statement listed below):
     **NA**

4.   Unavailable witnesses were requested to submit written statements and
     those statements received were considered (Each witness name and
     statement listed below):
     **NA**

D.   Documentary Evidence. In addition to the Incident Report and
     Investigation, the DHO considered the following documents:
     **Incident Report - Photographs -- (BOP-IRPHO) - Phonebook with lined paper inside it**
     **Incident Report - Photographs -- (BOP-IRPHO) - ION Scan w/ clear result**
     **Incident Report - Photographs -- (BOP-IRPHO) - ION Scan w/ positive result (W-18)**
     **Incident Report - Photographs -- (BOP-IRPHO) - ION Scan receipts - Pos for (W-18) -**
     **Clear/NONE - Pos for (W-18)**
     **Incident Report - Chain of Custody, Contraband -- (BOP-IRCCC)**

E.   Confidential information was used by DHO in support of his findings, but
     was not revealed to the inmate. The confidential information was documented
     in a separate report. The confidential information has been (confidential
     informants have been) determined to be reliable because:
     **NA**

IV.   FINDINGS OF THE DHO
 **X** A. The act was committed as charged.    _ C. No prohibited act was committed:
 _  B. The following act was commmitted:          Expunge according to inmate
                                                   discipline PS.
 _____

V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations
      written documents, etc.)
      **Translation services during the discipline hearing were provided by staff, Ofc. Gutierrez.**

      **Your due process rights were reviewed with you.  You indicated that you understood your rights.
      You confirmed to the DHO that you received a copy of the incident report and no documentary
      evidence to present.  You requested no witnesses or staff representative.  You indicated that you
      were ready to proceed with the hearing.**

      **The specific evidence relied upon includes the written statement of the reporting officer.
      On Thursday, February 2, 2023, at 6:57 a.m., this Lieutenant F. Arroyo, was conducting a cell search
      on unit F-W, cell F08-022, were Inmates Gonzalez-Vidal, Jose; Reg. No. 15082-379, and Carbonel-
      Lemus, Yosvani; Reg. No. 40147-509, are assigned. During the search a phone book was inspected
      and a square white paper with blue lines was recovered. The**

 **BP-A0304**      **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

paper depicts a method which is use for synthetic narcotics. At approximately 8:15 am. I conducted the initial verification on the ION Scan IS 600 with a pass result. Thereafter, at 8:16 a.m., I conducted a clear swab test with a pass result. The Ion Scan IS 600 was ready to test the unknown white paper with blue lines. At 8:18 a.m., I conducted an initial test on the Ion Scan IS 600, of the white paper with blue lines with a positive result for W-18, thereafter at 8:31 a.m., a clean swab test on the Ion Scan IS 600, was conducted with a pass result. I then conducted a confirmation test using the Ion Scan IS 600, at 8:32 a.m., with positive result for W-18, (is a synthetic, opioid drug, also known as 4-chloro-N-[1-[2-(4-nitrophenyl) ethyl]-2 piperidinylidene] benzenesulfonamide). Both inmates were placed in administrative detention.

The DHO considered the evidence presented. The evidence confirms that a synthetic opioid drug was removed from your assigned living quarters.

The DHO considered the statement you provided to the Investigating Lieutenant, "It was my phonebook". Your statement is an admission of guilt and conformation of your possession of drugs.

The DHO considered the statement you provided to the Unit Disciplinary Committee, "It was my phonebook with the stuff in it". Again, your statement is an admission of guilt and conformation of your possession of drugs.

The DHO considered the statement you provided during the discipline hearing, "The report is true. It was my drugs. My celly didn't have anything to do with it". Your statement is an admission of guilt and conformation of your possession of drugs.

Therefore, after deliberation the DHO concluded that you, Inmate Carbonel Lemus, Yosvani #40147-509 did commit the prohibited act of 113-Possessing drugs/Alcohol. The decision to find inmate you guilty was based on the written statement from the reporting staff member, the evidence presented, and your admission of guilt to the Investigating Lieutenant, Unit Disciplinary Committee, and the Discipline Hearing Officer during the discipline hearing.

---

VI.    SANCTION OR ACTION TAKEN
113 (FREQ 1) - DIS GCT 41 DAYS,  113 (FREQ 1) - DS 30 DAYS,  113 (FREQ 1) - LP COMM 180 DAYS, 113 (FREQ 1) - LP EMAIL 180 DAYS

---

VII.   REASON FOR SANCTION OR ACTION TAKEN
The action/behavior on the part of any inmate to use/possess/introduce drugs or alcohol threatens not only the health, safety and welfare of himself, but that of all other inmates and staff within the institution. The mere presence of drugs/alcohol in a correctional facility creates an environment conducive to violence. In the past, inmates under the influence of drugs/alcohol have become violent towards others, which cannot be tolerated. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

The disallowance of Good Conduct Time was imposed to comply with the mandatory sanctioning guidelines. The Disciplinary Segregation was imposed due to the seriousness of the rules violation. The Loss of Privileges was imposed to enforce the standard of inmates being held responsible for their actions.  It is the hope of the DHO that these sanctions will serve to deter you from future misconduct.

---

 **BP-A0304**     **DISCIPLINE HEARING OFFICER REPORT**

**Dept. of Justice / Federal Bureau of Prisons**

VIII.   APPEAL RIGHTS:  **X**   The inmate has been advised of the findings, specific
evidence relied on, action and reasons for the action. The inmate has been
advised of his right to appeal this action within 20 calendar days under
the Administrative Remedy Procedure. A copy of this report has been given
to the inmate.

IX.    Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **J. GUNTER** | **J. GUNTER** | **02-07-2023** |

DHO Report Delivered to Inmate by:

| **T. RILEY** | **T. RILEY** | **02-16-2023 0900 hrs** |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

> The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

# EXHIBIT C

## Tomas Vale Valdivia Factual Proffer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20651-CR-WILLAIMS

UNITED STATES OF AMERICA

vs.

TOMAS VALE VALDIVIA,

      Defendant.

_____/

## FACTUAL PROFFER

The United States of America and the Defendant, Tomas Vale Valdivia, a/k/a "Tomas Velez Valdivia," a/k/a "Tomasito" ("Defendant"), through counsel, hereby stipulate and agree that had this case proceeded to trial, the United States would have proved beyond a reasonable doubt that the Defendant did knowingly and willfully conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), and further that this occurred in Miami-Dade County in the Southern District of Florida, and elsewhere, based upon the following facts:

Beginning at least as early as October 2013, and continuing through at least July 2018, a group of individuals, including **TOMAS VALE VALDIVIA** and additional unnamed associates, were members or associates of an alien smuggling conspiracy (hereinafter the "Conspiracy")

operating in Miami, Florida, Cuba, Mexico, the Dominican Republic, and Haiti. The parties agree that **TOMAS VALE VALDIVIA** was the leader or organizer of the Conspiracy, which involved five or more participants.

The parties agree that **TOMAS VALE VALDIVIA** directly and through the foreseeable actions of Conspiracy members smuggled in excess of 100 migrants. These migrants were smuggled from Cuba to Mexico and then ultimately to the border of the United States. Generally, the migrants were charged approximately $10,000. **TOMAS VALE VALDIVIA** knew that the migrants coming to, entry, and residence in the United States was in violation of law.

The parties agree that **TOMAS VALE VALDIVIA** directly and through the foreseeable actions of Conspiracy members at times smuggled migrants in a manner that intentionally or recklessly created a substantial risk of death or serious bodily injury to another person. For example, the parties agree that at times vessels used to smuggled migrants were overloaded or were used during foul weather so as to risk capsizing.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 11/12/19        By: _____

IGNACIO J. VÁZQUEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

Date: 11/12/19        By: _____

JOAQUIN G. PEREZ, ESQ.
ATTORNEY FOR DEFENDANT

Date: 11/12/19        By: _____

TOMAS VALE VALDIVIA
DEFENDANT